J. A. STALEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6435. Promulgated December 28, 1927.

*Harry C. Weeks, Esq.,* for the petitioner.
*George G. Witter, Esq.,* for the respondent.

934

OPINION.

PHILLIPS: The pleadings present two questions for decision: (1) The extent to which income was received by petitioner upon the organization of a corporation to take over the assets of a partnership, and (2) whether the respondent properly asserts against the petitioner a deficiency determined upon the income of his wife. The facts are stated in the findings and will not be repeated here.

It is the contention of the petitioner at the time of the formation of the corporation, the Fowler Farm Oil Co., he received only 60 shares in exchange for his interest in the original project and that the additional 25 shares were not issued in exchange for any interest previously held by him. The parties are in agreement as to the fair market value of the stock at the time of its receipt.

Reduced to simple terms, the question presented is whether the 25 shares which are in dispute were received as the result of a purchase thereof or were received in exchange for an interest previously owned. We are of the opinion that the former is the true situation. The agreement between petitioner, Fowler, and Cline was that each should purchase such interest in the joint venture as he could obtain at a price which he deemed advisable and that later they should pool their purchases. It is clear that each was to act on his own responsibility and not as an agent for the others, even though the others were later to share in the purchase. There was no express trust created nor were the circumstances sufficient to impress an implied trust upon the interests then owned and those purchased later. There was merely an executory contract between these individuals to purchase and sell and until this contract was performed each individual was the owner of the interest purchased by him. When the terms of the contract were carried out the joint venture had terminated and the corporation had come into existence. By reason of the previous agreement, the petitioner acquired 25 shares of stock in the corporation, paying therefor in cash pursuant to the terms of the agreement. This amounts to no more than a purchase of such stock pursuant to the terms of an outstanding agreement. Admittedly, the market value of the stock was much greater than the price paid, but such a purchase, however advantageous, gives rise to no taxable income. We are of the opinion that the gain derived from this transaction is limited to the difference between the fair market value of 60 shares of the stock and $2,500, the amount paid by the petitioner for such stock.

■ In the deficiency letter, which is addressed to the petitioner, the name of the wife is noted and deficiencies are determined as to both husband and wife. The Commissioner, however, appears to assert both deficiencies against the petitioner. The petitioner alleges that the Commissioner erred in adding to his tax liability that of his wife and asserting the tax of both against him.

Section 210 of the Revenue Act of 1918 imposes the tax upon each individual who receives net income in excess of the credits provided by law and it seems clear that the tax due from the petitioner does not include any deficiency which may be determined against his wife even though because of the laws of Texas any proceeding to recover such tax either from the community estate or from the wife's separate estate might have to be brought against the husband or the husband and wife, jointly.

In this proceeding we are concerned only with a redetermination of the tax liability of the individual who has filed his petition with the Board, not with the steps which must be taken to collect any tax which may be due from the wife. Nor are we concerned with the question whether because of the laws of Texas a notice to the husband is a sufficient notice to the wife to bind either the community or her separate estate or to serve as the basis of a proceeding by the wife for a redetermination of the deficiency determined against her. The husband is the only party petitioner and it is only his liability which concerns us. The final decision to be entered hereunder should include only the deficiency in tax computed upon the income of the husband as such income was determined by the Commissioner and as modified by our decision upon the first point involved.

Reviewed by the Board.

> *Decision will be entered on 20 days' notice, under Rule 50.*